IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:12cr20-MHT |
| | ) | (WO) |
| CHIQUITA SMITH | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This cause is before the court on defendant Chiquita Smith's motion to continue.  For the reasons set forth below, the court finds that jury selection and trial, now set for April 16, 2012, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, <u>United States v. Stitzer</u>, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an

>          offense shall commence within seventy
>          days from the filing date (and making
>          public) of the information or
>          indictment, or from the date the
>          defendant has appeared before a judicial
>          officer of the court in which such
>          charge is pending, whichever date last
>          occurs."

Id. § 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  Id. § 3161(h)(7)(A).  In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," id. § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the

interests of the public and Smith in a speedy trial. Smith represents that her counsel is actively combing through voluminous discovery in this fraud and identity-theft case. Smith's counsel also states that she needs additional time to investigate Smith's level of involvement in the alleged conspiracy. Smith further claims that the government does not object to her request for a continuance.

\*\*\*

Accordingly, it is ORDERED that:

(1) Defendant Chiquita Smith's motion for continuance (Doc. No. 18) is granted; and

(2) The jury selection and trial of defendant Smith, now set for April 16, 2012, are reset for May 7, 2012, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 13th day of March, 2012.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**